UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL PENA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>    Defendants. | Case No. 18-cv-03923-JCS<br><br>**ORDER REGARDING LETTER DATED APRIL 20, 2020**<br><br>Re: Dkt. No. 50 |

The Clerk entered judgment in this action against Plaintiff Israel Pena on March 19, 2020, after the Court granted Defendants' motion to dismiss Pena's second amended complaint. Pena has now filed a letter dated April 20, 2020 "to apologize for not [filing] anything" and for missing a hearing in May of 2019 due to a medical issue, and stating that he was not aware the case was still open. *See* Letter (dkt. 50). As a starting point, after Pena filed his response to Defendants' motion, the Court found the motion suitable for resolution without oral argument and vacated the hearing previously set for May 17, 2019, *see* Clerk's Notice (dkt. 45), so no hearing occurred that Pena could have appeared for.

Pena's letter does not request any particular relief, but the bulk of it recounts and elaborates on the allegations of his complaint. Even if the Court were to construe the letter as a motion for relief from judgment under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure, nothing in the letter alters the Court's conclusion that Pena failed to pursue his claims within the time limits set by applicable statutes, as stated in the March 18, 2020 order granting Defendant's motion to dismiss the second amended complaint. *See generally* Order Granting Mot. to Dismiss 2d Am. Compl. (dkt. 48). Pena has not shown any error in that order, much less met his heavy burden to show that he is entitled to extraordinary relief under either Rule 59(e) or Rule 60. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (stating that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been

made prior to the entry of judgment" (citation omitted)); *see generally Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006) (discussing Rule 60). Moreover, the deadline to file a motion under Rule 59(e) was April 16, 2020, twenty-eight days after judgment was entered on March 19, 2020. Fed. R. Civ. P. 59(e). Even if the Court were to deem Pena's letter filed on the April 20, 2020 date that appears on its face—rather than when it was filed by the Clerk on April 27, 2020—the letter was not timely under Rule 59(e). To the extent the letter could be construed as a motion for relief from judgment under Rule 59(e), Rule 60, or any other authority, it is DENIED.

Final judgment has been entered, and this case is and remains closed.

**IT IS SO ORDERED.**

Dated: May 1, 2020

JOSEPH C. SPERO
Chief Magistrate Judge